**Semonin T. MOORMAN, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

NO. 2014–CA–001179–MR

Court of Appeals of Kentucky.

RENDERED: MARCH 4, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Amy Robinson Staples, Robert Christian Garrison, Kelsey Roth, Assistant Public Advocate, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General of Kentucky, Ken W. Riggs, Assistant Attorney General, Frankfort, Kentucky

BEFORE: COMBS, J. LAMBERT, AND VANMETER, JUDGES.

*OPINION*

LAMBERT, J., JUDGE:

Semonin Moorman appeals from the Jefferson Circuit Court's order denying her Kentucky Rules of Criminal Procedure (RCr) 11.42 motion and a Kentucky Rules of Civil Procedure (CR) 59.05 motion for reconsideration. Finding no error by the trial court, we affirm both orders.

Moorman was convicted of manslaughter in the first degree and was sentenced to a twenty-year sentence. The Supreme Court of Kentucky summarized the underlying facts in Moorman's direct appeal:

In the light most favorable to the verdict, the facts relevant to this appeal are as follows. On the afternoon of July 28, 2007, Patricia Shoulders went to the residence of Tasha Bryant. Shoulders, who appeared to have no serious injuries, told Bryant that she had just been in a fight and wanted to use the telephone. As they talked, Appellant, with several other persons, approached the Bryant residence. When Appellant demanded that Shoulders come off the porch, Shoulders responded, "No Tasha, I don't want to fight anymore, I don't want to fight them anymore." Appellant then went onto Bryant's porch armed with a knife and began fighting with Shoulders. Bryant saw a knife in Appellant's hand as she approached. After several minutes of fighting, Appellant left and Shoulders, obviously wounded, slumped over onto Bryant's knees. Shoulders was transported to the hospital, where she was pronounced dead. The cause of death was a stab wound. A knife with Shoulders's blood on it was found in Bryant's yard.

Appellant was indicted for Shoulders's murder. At trial, she claimed that prior to the scuffle on Bryant's porch, Shoulders had attacked her from behind with a hammer in the Iroquois housing project across the street from Bryant's residence; that she stabbed Shoulders then to ward off the attack; and that she did so in self-defense. The medical evidence established that the stab wound was a deep wound to Shoulders's left lung and right ventricle of her heart, and that the wound was an "immediately life threatening injury." Appellant does not challenge the sufficiency of the evidence to support her conviction. At the conclusion of the trial, the jury convicted Appellant of first-degree manslaughter.

*Moorman v. Commonwealth*, 325 S.W.3d 325, 327–28 (Ky.2010).

Moorman's conviction became final on December 9, 2010. On July 24, 2013, Moorman filed a *pro se* RCr 11.42 motion to vacate her conviction. In this motion, Moorman presented several claims: 1) counsel was ineffective for failing to present a proper extreme emotional disturbance (EED) defense; 2) counsel was inef-

fective for failing to investigate possible mental health issues; 3) counsel was ineffective for failing to present a mental illness defense; and 4) counsel failed to advise her on the effect that pleading guilty would have on the custody of her children.

In July 2013, Moorman was appointed an attorney to represent her. Moorman's appointed counsel entered an appearance on September 3, 2013, but on September 24, 2013, the time for counsel to file a supplement to the *pro se* RCr 11.42 motion lapsed, and no supplement was filed. Sometime afterward, a request for additional time was made by Moorman's counsel. The trial court entered an order on November 15, 2013, granting an additional sixty days. This order was entered fifty-two days after Moorman's supplement was originally due.

Moorman's counsel filed a supplement to the *pro se* RCr 11.42 motion on January 14, 2014. In this motion, he addressed several of Moorman's *pro se* issues and raised several new issues. Counsel argued that 1) trial counsel was ineffective for failing to argue that admission of general reputation evidence was proper; 2) appellate counsel was ineffective for failing to raise that issue on appeal; and 3) cumulative effect.

The Commonwealth filed a response opposing both the *pro se* motion and counsel's supplement. The response addressed both Moorman's original claims and the supplemental new claims, and the Commonwealth contended the new claims raised in counsel's supplement were untimely because they were raised beyond the three-year statute of limitations provided for in RCr 11.42. Moorman did not file a reply, either *pro se* or through counsel. At this point, the matter stood submitted for a decision.

On April 16, 2014, the trial court entered an opinion and order denying Moorman's

RCr 11.42 motion without an evidentiary hearing. The Court held that Moorman's original *pro se* claims were without merit or that she did not make specific allegations that the Court could examine in light of the record. The Court held that the claims in the supplemental motion filed by counsel were untimely. Moorman's counsel then filed a motion to alter, amend, or vacate the April 16, 2014, order pursuant to CR 59.05. In support of this, Moorman argued that equitable tolling should apply and, therefore, the additional claims raised in the supplement should be considered on their merits. The Commonwealth objected, and on July 8, 2014, the trial court denied Moorman's CR 59.05 motion. Moorman now appeals.

In her brief to this Court, Moorman argues that she was denied due process of law under the 5th and 14th Amendments of the U.S. Constitution and sections 7 and 11 of the Kentucky Constitution when the trial court denied the supplement to her RCr 11.42 motion as untimely and did not consider equitable tolling. Moorman contends that the doctrine of equitable tolling is still viable after the Supreme Court of Kentucky's decision in *Hallum v. Commonwealth*, 347 S.W.3d 55, 57 (Ky.2011). Moorman urges this Court to utilize the factors identified by the 6th Circuit Court of Appeals in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.2001), to determine whether the claims raised by appointed counsel should be equitably tolled after the expiration of the three-year statute of limitations.

In response, the Commonwealth argues that Moorman is not entitled to equitable tolling as to new claims raised after the running of the statute of limitations. The Commonwealth argues that it is clear from the record that Moorman's RCr 11.42 supplement was filed after the expiration of the three-year statute of limitations and

that it improperly raised new claims that were not raised in the original timely filed motion. The Commonwealth's primary argument is that equitable tolling did not survive the Supreme Court of Kentucky's opinion in *Hallum, supra.*

A review of the case law regarding equitable tolling in Kentucky is helpful here. In *Robertson v. Commonwealth,* 177 S.W.3d 789 (Ky.2005), the Kentucky Supreme Court allowed equitable tolling, stating that it was intended to aid an incarcerated inmate who had "actually delivered a properly prepared and addressed RCr 11.42 motion to the appropriate [ . . . ] prison authorities for mailing prior to the expiration of the limitation period." *Id.* at 792. On January 1, 2011, Kentucky adopted RCr 12.04(5), which created the prison mailbox rule and states, "[i]f an inmate files a notice of appeal in a criminal case, the notice shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid."

Subsequently, the issue of equitable tolling arose again in *Hallum, supra.* There, the Court overruled *Robertson,* stating, "[f]inally, in light of the recent rule change creating the prison mailbox rule, we must assess the continued viability of the judicially-created equitable tolling test." *Hallum,* 347 S.W.3d at 58. Calling equitable tolling "arduous" and "burdensome," the Court stated that there was no longer a need for *Robertson*'s equitable tolling provision, as it had been superseded by rule. *Id.* at 59.

> With the recent enactment of the prison mailbox rule, the burdensome equitable tolling test is now duplicative and superfluous, with its utility marginalized. "Equity is the correction of that wherein the law, by reason of its universality, is deficient." *Houston v. Steele,* 28 S.W. 662, 663 (Ky.1894). The prison mailbox rule was crafted to remedy the procedural deficiency our rules pose to *pro se* inmates seeking to appeal, thus, there is no longer a need for *Robertson*'s equitable tolling provision. Consequently, we overrule *Robertson.*

*Id.* We agree with the Commonwealth that *Hallum* overruled *Robertson*'s equitable tolling provisions with regard to the prison mailbox rule.

In *Treat v. Commonwealth,* No. 2010–CA–002220–MR (2012 WL 1886512) (Ky. App.2012), an unpublished opinion, a panel of this Court analyzed the doctrine of equitable tolling. Therein, this Court noted that although *Hallum* overruled *Robertson* concerning the prison mailbox rule, it "did not prohibit the application of the tolling doctrine to RCr 11.42 motions that do not involve the prison mailbox rule. Therefore, we conclude that the equitable tolling doctrine still applies to post-conviction proceedings that meet strict standards of tolling relief." *Id.* at *2. This Court explained:

> To determine whether the equitable tolling doctrine should apply, the Supreme Court adopted the totality-of-the circumstances analysis outlined by the Sixth Circuit Court of Appeals in *Dunlap v. United States,* 250 F.3d 1001, 1008–9 (6th Cir.2001). *Robertson,* 177 S.W.3d at 792. To determine the applicability of tolling, courts should examine the following factors: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for his claim." *Id.,* citing *Dunlap,* 250 F.3d at 1008–9.

Although the Court adopted the *Dunlap* test in its entirety, the *Robertson* Court noted that, *Dunlap* factors, one, two, and five are essentially incorporated within RCr 11.42(10)(a). Thus, the primary considerations adopted from *Dunlap* are factors three (diligence) and four (prejudice). *Id.*

*Id.*

Several months after *Treat*'s rendition in May, the Supreme Court of Kentucky rendered *Roach v. Commonwealth*, 384 S.W.3d 131 (Ky.2012). In *Roach*, the defendant filed a *pro se* RCr 11.42 motion within the three-year period mandated by the rule. Roach was subsequently appointed a public advocate to represent him. The attorney filed a supplement to the RCr 11.42 motion, but the supplement was filed outside the three years, just as in the instant case. The trial court determined that the supplemental filing was outside the statute of limitations as permitted by the rule and that the *pro se* claims made by Roach in his original motion were refuted by the record.

The *Roach* Court gave a detailed analysis as to how and when pleadings can be amended under CR 15 and when such amendments relate back to the filing of the original document. Regarding untimely amendments, such as the one at issue in this case, the Court held that it must relate back to the initial allegations in order to be considered. Specifically, the Court stated:

Since even amendments within the RCr 11.42 limitations period are thus subject to scrutiny on the basis of unreasonable delay, it is all the more fitting that amendments proffered outside the limitations period be strictly limited to those relating back to a core of factual allegations of which the Commonwealth has been given timely notice.

*Roach*, 384 S.W.3d at 137. The Court found that the belated amendments in Roach's motion did not attempt to bolster directly either of Roach's claims, but instead raised two additional claims. *Id.* The Court held that new claims raised in an untimely amendment will not relate back to the original pleading if they are based on facts different from the original claims and cannot be said to arise from the same conduct, transaction, or occurrence. *See* CR 15.

The Court reasoned that simply because the untimely claims concerned the same criminal conviction as the original timely filing, it does not necessarily follow that they will relate back. "Obviously, however, to construe the rule as broadly as Roach suggests would be to allow virtually any claim whatsoever to relate back and so would largely negate the RCr 11.42(10) limitations period." *Roach*, 384 S.W.3d at 138. With regard to whether appointed counsel would need time to research the case and prepare a supplemental filing, the Court noted:

Roach argues that if amendments to timely *pro se* RCr 11.42 motions are subject to limitations and are not allowed to freely relate back, then *pro se* motions filed close to the end of the limitations period will leave appointed counsel insufficient time to raise additional meritorious claims. That result, however, is simply a consequence of having a limitations period and is no more unfair than the complete barring of the movant's claims when the initial motion is itself untimely. It is a result, moreover, that the movant can avoid by prosecuting his claim diligently.

*Roach*, 384 S.W.3d at 138.

Moorman argues that the trial court improperly relied on *Roach* in ruling that equitable tolling did not apply to her case. Moorman argues that even if *Roach* ap-

plies, the case can be distinguished. In support of this, Moorman argues that unlike in *Roach*, the DPA was not appointed to her case until July 15, 2013, which is just four months prior to the expiration of the statutory period on November 18, 2013. She argues that paralegals reviewed her case and then provided that review to directing attorneys so the case could be assigned by August 2013. The record reflects that DPA counsel made an appearance on September 3, 2013. Moorman contends that this gave counsel only a month and a half to review her case, gather information and witnesses, and prepare a supplement to the original RCr 11.42 motion.

A careful review of the record and of the applicable case law indicates that the trial court properly denied Moorman's belated claims and her CR 59.05 motion for reconsideration, both under *Roach* and under the doctrine of equitable tolling. In its order, the trial court stated:

> Here, Moorman should have raised these arguments before the entry of judgment in her prior motion. Instead, she neglected even to reply to the Commonwealth's statute of limitations defense. Because the law discourages granting extraordinary relief based upon belated arguments, the Court will deny her motion. [*Gullion v. Gullion,* 163 S.W.3d 888, 893 (Ky.2005) ].
>
> Regardless, neither condition for equitable tolling of the statute of limitations applies to her circumstance. Appointed counsel had the case over two months before the limitation period expired on November 18, 2013. Yet appointed counsel did not seek a continuance until after the deadline expired. While appointed counsel may have faced a tight deadline, "[t]hat result, however, is simply a consequence of having a limitations period and is no more unfair that the

complete barring of the movant's claims when the initial motion is itself untimely." *Roach,* 384 S.W.3d at 139. "It is a result, moreover, that [appointed counsel] can avoid by prosecuting her claim diligently." *Id.*

Furthermore, Moorman failed to even respond to the Commonwealth's arguments at the trial court level that she was outside of the statute of limitations period. We note that Moorman's claims were regarding reputation evidence of the victim and were first raised in the untimely supplement to her RCr 11.42 motion. Under no reasonable interpretation of *Roach* can these claims be said to relate back to the claims in the original RCr 11.42 motion, which were about her defenses and the effect pleading guilty would have on the custody of her children.

In *Roach*, the trial court was not presented with the argument that equitable tolling should apply. The Court stated, "Roach did not present this issue to either the trial court or the Court of Appeals, and we need not, to answer Roach's contention, decide whether equitable tolling could ever apply to an untimely RCr 11.42 motion, for even if it could it does not apply here." *Id.* at 139. However the Court went on to state that Roach's claims would have failed under the doctrine of equitable tolling as well. "A petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 139 (quoting *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)); *see also Hallum v. Commonwealth,* 347 S.W.3d 55 (Ky.2011).

Since Moorman focuses on the doctrine of equitable tolling and our Supreme Court has not given a definitive answer as to whether the doctrine applies in the context

of RCr 11.42 motions, we look to federal courts for guidance on this issue.

■ "Generally a litigant seeking equitable tolling bears the burden of establishing two elements (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005). A " 'garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland v. Florida,* 560 U.S. 631, 651–52, 130 S.Ct. 2549, 2564, 177 L.Ed.2d 130 (2010).

■ The Commonwealth argues that while Moorman spends time arguing that she was diligent in pursuing her rights, she fails to argue that any extraordinary circumstances beyond her control prevented timely filing. The Commonwealth argues that if credited, Moorman's argument would "essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Lawrence v. Florida,* 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." *Id.* at 336–37, 127 S.Ct. at 1085. We agree.

■ Moorman fails to articulate how any extraordinary circumstance stood in her way, and instead she focuses on how she diligently pursued her rights. We agree with the Commonwealth and the trial court that in order to establish that equitable tolling is warranted, Moorman must show both diligence and an extraordinary occurrence stood in her way, which she has failed to do. Thus, equitable tolling does not apply to save the claims in her supplement to her RCr 11.42 motion.

Moorman's other argument is that she should have been afforded an evidentiary hearing on the allegations raised in the supplement that reputation evidence about Shoulders should have been introduced and that the failure to raise this evidence amounted to ineffective assistance of counsel at both the trial and appellate level. Moorman does not argue that an evidentiary hearing should have been granted on her *pro se* allegations; thus, she has abandoned those issues in the present appeal. Under the Kentucky Rules of Criminal Procedure, a hearing on a motion for post conviction relief "is required if there is a material issue of fact that cannot be conclusively resolved, i.e., conclusively proved or disproved, by an examination of the record." *See Fraser v. Commonwealth,* 59 S.W.3d 448, 452 (Ky.2001). Here, the issue on which Moorman claims an evidentiary hearing should have been held is subject to a complete procedural bar, as discussed above. Thus, the merits of this argument need not be considered, and an evidentiary hearing was not warranted.

Finding no error, we affirm the April 16, 2014, order denying Moorman's motion for post-conviction relief and the July 08, 2014, order denying her motion for reconsideration under CR 59.05.

ALL CONCUR.