RENDERED: JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0331-MR

WILLIAM BOYER                                               APPELLANT

APPEAL FROM WARREN CIRCUIT COURT
v.      HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NO. 11-CR-00328

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

COMBS, JUDGE:  William Boyer, *pro se*, appeals from an order of the Warren

Circuit Court denying a motion to vacate his criminal conviction.  Boyer contends

that his attorney failed to provide him with adequate legal assistance through the

pre-trial process.  After our review of the record, the parties' briefs, and the

applicable law, we affirm.

William Boyer and Brooke Boyer divorced in 2008.  On March 4, 2011, William did not show up for work.  Instead, he went to Brooke's home where he overheard a telephone conversation.  William returned to his home, retrieved a bolt-action carbine rifle, hid it in a laundry basket, and re-entered Brooke's home.  William confronted Brooke in the basement and asked her to give their relationship another chance.  She declined and began to climb the stairs.  William retrieved the rifle and fired.  He reloaded and fired again; reloaded and fired yet again.  Brooke was struck by each bullet and fell dead.  Outside Brooke's home, William left a telephone and a note to his seven-year-old daughter advising her not to go inside the house but to call 911 instead.  William retreated to his home.  After a standoff with police, he eventually surrendered.  Once in custody, William confessed that he had shot and killed Brooke in her home.  He was indicted for murder and first-degree burglary on April 27, 2011.

Thereafter, Boyer submitted to a psychiatric evaluation.  The psychiatric report indicated that Boyer was competent to stand trial and capable of appreciating the criminality of his conduct when he shot and killed Brooke.  The trial court conducted a competency hearing on July 14, 2011.  It concluded that Boyer was competent to proceed.

Defense counsel retained Dr. Eric Drogin, a psychologist, to evaluate Boyer further.  On January 3, 2013, counsel filed notice of an intent to present

expert evidence to show that Boyer was suffering from an extreme emotional disturbance at the time of the shooting. Counsel expected that the evidence would be introduced through the testimony of Dr. Drogin.

On March 20, 2012, following extensive negotiations with the Commonwealth, Boyer appeared with counsel before the Warren Circuit Court. He entered a plea of guilty to the murder charge. In exchange for the guilty plea, the Commonwealth agreed to dismiss the first-degree burglary charge and unrelated offenses contained in two other indictments. The Commonwealth agreed to recommend to the court that Boyer be sentenced to serve life in prison but that he be eligible for parole after twenty (20) years. The court's judgment and sentence were entered on April 30, 2013.

On May 4, 2016, Boyer filed a motion to vacate his conviction under the provisions of RCr[1] 11.42. Boyer alleged that trial counsel was ineffective by: failing to investigate the defense of extreme emotional disturbance; failing to obtain a written report from Dr. Drogin; failing to advise him properly as to the defense's likelihood of success; failing to follow-up with a firearms expert to show that the rifle he used to kill Brooke could have misfired; failing to pursue suppression of his confession to police; and guaranteeing him that he would be paroled in twenty (20) years.

---

[1] Kentucky Rules of Criminal Procedure.

On September 14, 2017, Boyer's appointed counsel filed a motion requesting an evidentiary hearing. The trial court granted the motion and set the matter for hearing to be conducted on June 5, 2018. Boyer and his former counsel, Attorney Lowe and Attorney Downs, testified at the hearing. The circuit court ordered the parties to submit post-hearing briefs.

After considering the evidence and the extensive arguments of counsel, the trial court denied Boyer's motion for post-conviction relief in a comprehensive order entered February 13, 2019. Boyer was permitted to proceed on appeal *in forma pauperis.* On February 27, 2019, the circuit court appointed appellate counsel to represent him.

On June 27, 2019, the Department of Public Advocacy filed an *Anders*[2] motion with this Court to withdraw as Boyer's counsel. In the motion, counsel indicated that the post-conviction proceeding was not one "that a reasonable person with adequate means would be willing to bring at his own expense." Boyer did not respond to the motion. By order entered August 6, 2019, we granted counsel's motion to withdraw and ordered that Boyer submit a brief, *pro se*, within sixty (60) days.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.E.d.2d 493 (1967), provided a procedural framework for safeguarding the constitutional rights of an indigent criminal defendant when appointed counsel determined that there were no legitimate grounds for appeal.

On appeal, Boyer contends that the circuit court erred by denying his motion for post-conviction relief. The Commonwealth disagrees on each substantive ground presented. It also argues that Boyer failed to file a timely motion for post-conviction relief. We agree that Boyer's motion for relief was untimely.

The provisions of RCr 11.42(10) contain a three-year time limitation:

> Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:
>
> (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or
>
> (b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
>
> . . . If the motion qualifies under one of the foregoing exceptions to the three-year time limit, the motion shall be filed within three years after the event establishing the exception occurred. Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

Untimeliness under the rule operates as a procedural bar to the motion. *Moorman v. Commonwealth*, 484 S.W.3d 751, 757 (Ky. App. 2016). The circuit court's

order denying Boyer's motion for post-conviction relief can be affirmed upon this basis alone.

In *Robertson v. Commonwealth*, 177 S.W.3d 789 (Ky. 2005), *overruled by Hallum v. Commonwealth*, 347 S.W.3d 55 (Ky. 2011), the Supreme Court of Kentucky considered whether an inmate's untimely filing of an RCr 11.42 motion due to a delay in mailing by prison officials could be deemed timely through adoption of the prison mail box rule or the doctrine of equitable tolling. The court rejected the prison mail box rule in favor of equitable tolling, a doctrine that provides that an express limitations period will not bar an untimely claim if, despite the claimant's diligent efforts, extraordinary circumstances prevented a timely filing.

In 2011, RCr 12.04 was amended to adopt the prison mail box rule. RCr 12.04(5) now provides that a "notice [of appeal] shall be considered filed if its envelope is officially marked as having been deposited in the institution's internal mail system on or before the last day for filing with sufficient First Class postage prepaid."

In *Hallum*, the Supreme Court of Kentucky considered the effect of RCr 12.04(5) with respect to an inmate's notice of appeal. The court determined that RCr 12.04(5) should be applied retroactively and addressed the continued applicability of the equitable tolling doctrine. The court concluded that the

-6-

equitable tolling doctrine was now "duplicative and superfluous, with its utility marginalized." *Hallum*, 347 S.W.3d at 59. It observed that the "prison mail box rule was crafted to remedy the procedural deficiency our rules posed to *pro se* inmates seeking to appeal; thus, there is no longer a need for *Robertson's* equitable tolling provision." *Id.*

Nevertheless, in *Roach v. Commonwealth*, 384 S.W.3d 131 (Ky. 2012), the Supreme Court of Kentucky again discussed the application of equitable tolling in relation to inmate actions -- this time in relation to an inmate's RCr 11.42 motion. The Court declined to hold that a belated amendment to an inmate's timely filed RCr 11.42 motion could be saved by the doctrine of equitable tolling. The inmate had not presented the issue to either the trial court or to this Court on appeal. Consequently, the Supreme Court concluded that it need not decide whether equitable tolling could ever apply to an untimely RCr 11.42 motion. However, it observed that even if the doctrine of equitable tolling could apply to such proceedings, the doctrine would not apply to the facts before it because the inmate could not show both that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented a timely filing.

Thereafter, in *Moorman*, this Court observed that the Supreme Court of Kentucky had not given a definitive answer as to whether the doctrine applies in the context of RCr 11.42 motions. Nevertheless, relying upon precedent of the

-7-

Supreme Court of the United States, we held that in order to invoke equitable tolling, an inmate must establish that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Moorman*, 484 S.W.3d at 757 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)). In that case, we concluded that the inmate failed to carry her burden to establish these factors and that equitable tolling did not apply to save the claims asserted in an untimely supplement to her RCr 11.42 motion.

Boyer began to pursue post-conviction relief shortly after his conviction in April 2013. In December 2013, he indicated to the circuit clerk that he believed counsel had failed to provide him with adequate assistance, and he requested a copy of the record compiled in his case so that he could finish preparing his RCr 11.42 petition. Nearly two years later, Boyer began filing a series of motions requesting the Warren Circuit Court to order that he be provided certified copies of records, many of which were not in the court's possession. In an order entered November 25, 2015, the court directed the Warren Circuit Clerk to provide to Boyer the documents in its possession. Boyer's petition for relief was eventually filed on May 4, 2016.

Because Boyer waived his right to appeal when he entered a guilty plea, the court's judgment of conviction and sentence became final when it was entered on April 30, 2013. *See Palmer v. Commonwealth*, 3 S.W.3d 763 (Ky. App.

1999).  Boyer's petition for post-conviction relief was not filed within the three-year period provided for by RCr 11.42.  Accordingly, the petition was untimely unless the circumstances warranted application of the equitable tolling doctrine.  The record before us, as summarized above, does not indicate that Boyer diligently pursued his rights.  All the facts upon which his claim is predicated were known to him; he even personally corresponded with Dr. Drogin.  Nothing prevented Boyer from filing a timely claim.  Consequently, the doctrine of equitable tolling is inapplicable.  His petition for relief was untimely.

Even if Boyer's petition were not procedurally barred by its untimeliness, we would affirm the order of the Warren Circuit Court denying his request for relief.  Boyer's allegations of ineffective assistance of counsel are evaluated under the standard promulgated by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *as modified by Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), where the defendant pleaded guilty rather than going to trial.

Where a movant has pled guilty, he must later demonstrate on appeal that:  (1) defense counsel's performance fell outside the wide range of professionally competent assistance; and (2) a reasonable probability exists that, but for the deficient performance of counsel, the movant would not have pled

guilty -- but would have insisted on going to trial. *Commonwealth v. Rank*, 494 S.W.3d 476 (Ky. 2016).

Courts considering a collateral attack on a judgment of conviction must presume that counsel's performance was reasonable. *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citing *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007)). We must

> consider the totality of the circumstances surrounding the
> guilty plea and juxtapose the presumption of
> voluntariness inherent in a proper plea colloquy with a
> *Strickland v. Washington* inquiry into the performance of
> counsel[.]

*Rank*, 494 S.W.3d at 481 (quoting *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001)). The circuit court's factual findings are reviewed only for clear error; the application of legal standards is reviewed *de novo*. *Commonwealth v. Thompson*, 548 S.W.3d 881, 887 (Ky. 2018).

Boyer contends that the circuit court erred by concluding that counsel provided adequate legal assistance because he fully investigated an extreme emotional disturbance defense and advised Boyer of Dr. Drogin's opinion and potential testimony regarding the defense. We disagree.

The circuit court was persuaded by counsel's testimony indicating that he consulted with Dr. Drogin regarding his opinion that Boyer had acted under extreme emotional disturbance. The court found that counsel shared this

-10-

information with Boyer and that counsel was not required under the circumstances to request that Dr. Drogin generate a written report.  The circuit court noted that there was countervailing evidence indicating that Boyer had not acted under extreme emotional disturbance and that there was no assurance that a jury would be persuaded by Drogin's anticipated testimony given the circumstances.  The court accepted counsel's assessment of the risks of trial and the benefit of pleading guilty.  It is not ineffective assistance of counsel for an attorney, after investigating the case, to advise his client to plead guilty in anticipation of a lighter sentence. *Osborne v. Commonwealth*, 992 S.W.2d 860 (Ky. App. 1998).  The circuit court's factual findings were supported by substantial evidence.  There was no error.

Next, Boyer contends that the circuit court erred by failing to conclude that he was deprived of adequate legal assistance because counsel did not file a motion to suppress Boyer's confession and did not consult with a ballistics expert.  Again, we disagree.

With respect to the ballistics expert, the circuit court accepted counsel's testimony indicating that he had retained and consulted with John Nixon, a forensic firearms and ballistics expert.  Nixon's expert opinion foreclosed a defense that Boyer had accidentally discharged the rifle.  The circuit court's findings were supported by substantial evidence.  There was no error.

With respect to counsel's decision not to pursue suppression of Boyer's confession, the circuit court found that counsel had considered filing a motion to suppress but concluded that there was no legal basis upon which to challenge the voluntariness of Boyer's statement to police. It found that Boyer failed to provide a sufficient basis upon which to question the admissibility of this statement to police. The circuit court also found: that Boyer was properly advised about his constitutional rights; that he understood them; and that the police interview was not unfairly coercive. Finally, the circuit court found that if the confession had been subject to suppression, there is no basis upon which to conclude that Boyer was unfairly prejudiced by a failure to file the motion because other evidence of his guilt was overwhelming. The circuit court was not persuaded that Boyer would have insisted on going to trial in light of the compelling evidence against him. The circuit court's factual findings were supported by substantial evidence. There was no error.

In summary, Boyer did not file a timely motion for relief. But even if the motion had been timely, he failed to show that counsel's performance was deficient. Consequently, the circuit court did not err by denying the post-conviction motion for RCr 11.42 relief.

We AFFIRM the order of the Warren Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

William Boyer, *Pro Se*
Lagrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

James Havey
Assistant Attorney General
Frankfort, Kentucky