RENDERED:  MARCH 27, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1516-MR

THADDEUS ARTIS                                                     APPELLANT

v.
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE JOHN DAVID SIMCOE, JUDGE
ACTION NOS. 19-CR-00369 AND 19-CR-00641

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Thaddeus Artis, *pro se*, appeals a November 22, 2024, Order

of the Hardin Circuit Court that denied his motion made pursuant to Kentucky

Rules of Criminal Procedure (RCr) 11.42 without a hearing.  After careful review,

we affirm.

## BACKGROUND

On April 20, 2021, Artis entered guilty pleas in two cases (Action Nos. 19-CR-00369 and 19-CR-00641), whereupon he was convicted of two counts of first-degree rape, first-degree sodomy, intimidating a participant in the legal process, and being a first-degree persistent felony offender. On May 28, 2021, he was sentenced to twenty-years' incarceration in each case, to be served concurrently for a total of twenty-years' imprisonment.

On February 18, 2022, Artis, *pro se*, filed a motion to obtain his entire case file from the Department of Public Advocacy. An order granting his motion was entered on March 22, 2022. More than two and one-half years later on October 31, 2024, Artis filed: 1) "Amended Verification of RCr 11.42 Motion;" 2) an affidavit in which Artis is the affiant; 3) an affidavit from a fellow inmate; 4) a copy of an inmate money transfer authorization; 5) a "Notice Regarding Timely Mailed RCr 11.42 Motion Not Delivered by U.S. Postal Service Through No Fault of Defendant;" and 6) "Motion to Vacate, Set Aside or Correct Sentence and Release Artis Pursuant to RCr 11.42." The RCr 11.42 motion was not verified.

Amongst his various filings, Artis argued he deposited the RCr 11.42 motion in the prison mail system on March 20, 2024. After waiting for months, he claimed he was able to make contact with the circuit court clerk (he does not say how contact was made and there is no correspondence in the record before us) and

was informed by the clerk that his motion was never received. Apparently, at that point, Artis also realized his motion was not verified. Thereafter, he mailed another copy of the motion along with a separate verification and the various other filings previously listed, which were filed with the clerk on October 31, 2024. As for the alleged March filing, Artis claimed he made copies of his original motion on March 18, 2024, in order to mail copies to the clerk and keep a copy for himself.[1] The inmate money transfer authorization does list the reason for the money transfer as "copies," although it does not specifically state what was copied or how many copies were made. Artis claims the motion was mailed on March 20, 2024, but he provided no copies of prison mail logs and he did not use certified mail to mail the motion.

By order entered November 22, 2024, the circuit court concluded Artis's RCr 11.42 motion was untimely and equitable tolling could not cure the defect. The court denied the motion and this appeal followed.

STANDARD OF REVIEW

This Court reviews the denial of an RCr 11.42 motion under an abuse of discretion standard. *Jackson v. Commonwealth*, 567 S.W.3d 615, 619 (Ky. App. 2019). "In determining whether a trial court's actions amount to an abuse of

---

[1] Despite Thaddeus Artis's insistence that the copies were made on March 18, 2024, the circuit court found the money transfer authorization was dated March 8, 2024. In looking at the carbon copy in the record, it is unclear whether the date is the eighth or the eighteenth.

-3-

discretion, we must consider whether the decision reflected arbitrariness, unreasonableness, unfairness or a lack of support from sound legal principles." *Id.* at 619-20 (citation omitted).

ANALYSIS

Pursuant to RCr 11.42(10), any motion filed under RCr 11.42 must be filed within three years after the judgment becomes final. While Artis alleges he tried to file the motion in March of 2024, the actual filing was more than three years after his judgment became final. The untimely filing of the motion acts as a procedural bar to obtain relief. *Moorman v. Commonwealth*, 484 S.W.3d 751, 757 (Ky. App. 2016).

To begin, we note that the prison mailbox rule set out in RCr 12.04(5) is not applicable to this case. That rule is limited to criminal appeals. *Id.* Motions filed under RCr 11.42, as in this case, are a collateral attack against the underlying criminal conviction. RCr 11.42(1). Thus, our focus in this appeal looks to whether equitable tolling precludes the denial of RCr 11.42 relief due to Artis's untimely filing of the underlying motion.

Another panel of this Court recently explained the application of the equitable tolling doctrine in situations like that presented in this appeal:

> Equitable tolling is "a measure applicable to prisoners who attempt to get documents timely filed, yet fail." *Hallum* [*v. Commonwealth*], 347 S.W.3d [55] 58[, Ky. 2011]. In *Robertson v. Commonwealth*, 177 S.W.3d

-4-

789 (Ky. 2005), *overruled by Hallum*, 347 S.W.3d 55, "[t]he Kentucky Supreme Court first adopted the equitable tolling doctrine . . . to alleviate the procedural obstacles our rules posed to *pro se* inmates endeavoring to appeal." *Lee v. Haney*, 517 S.W.3d 500, 505 (Ky. App. 2017). **Under the equitable tolling doctrine, "the critical inquiry remains whether the circumstances preventing a petitioner from making a timely filing were both beyond the petitioner's control and unavoidable despite due diligence."** *Commonwealth v. Stacey*, 177 S.W.3d 813, 817 (Ky. 2005) (citation omitted).

*Gray v. Dep't of Corr.*, 606 S.W.3d 645, 648-49 (Ky. App. 2020) (emphasis added).

On appeal, Artis argues equitable tolling applies because it was not his lack of diligence that caused the untimely filing of the motion, but rather, the failure of the United States Postal Service (USPS). We disagree.

As noted, Artis's RCr 11.42 motion was filed on October 31, 2024. This date is more than three years after Artis's judgment and sentence became final. RCr 11.42(10). The circuit court found that Artis did not diligently pursue his rights and the potential failure of USPS to deliver the motion is not an extraordinary circumstance. The court concluded the following:

The Court cannot find that Artis diligently pursued his rights. Artis did not obtain his file from the Public Defender's Office for almost a year after the entry of his final judgment. Artis waited an additional two years to allegedly file his RCr 11.42 motion. The motion, if filed, was filed with only two months left on the 3 year 11.42 deadline and was not verified. An unverified motion

cannot be considered a diligent effort. Further, Artis has not provided any extraordinary circumstances that stopped him from the timely filing of this motion. The potential failure of the U.S. Postal Service to deliver regular mail is not an extraordinary circumstance. Artis could have abrogated this potential circumstance by sending his motion by certified mail as many inmates do.

Record at 191.

Based on our review of the record, the motion on its face was untimely and we totally agree with the circuit court's analysis and application of applicable law. Artis has failed to establish that he exercised appropriate diligence in exercising his rights in pursuing RCr 11.42 relief for the reasons plainly stated by the circuit court, including the lack of verification of his motion. In this regard, Artis argues in his reply brief that the recent published case of *Peeler v. Simcoe*, 718 S.W.3d 589 (Ky. 2025), stands for the proposition that substantial compliance is sufficient to satisfy the mandates of RCr 11.42. *Id.* at 596. He contends that, in light of *Peeler*, the lack of verification on what he calls his original motion (*i.e.*, the one he claims was mailed on March 20, 2024) is not fatal. There is no need to parse the reasoning used by the Kentucky Supreme Court in *Peeler* because the issue of lack of verification is only relevant if the motion was timely filed, which, as explained in the circuit court's analysis above that we adopt, Artis failed to do.

Accordingly, for the reasons stated, we affirm the November 22, 2024, Order of the Hardin Circuit Court denying Artis's RCr 11.42 motion.

-6-

ALL CONCUR.

BRIEFS FOR APPELLANT:

Thaddeus Artis, *pro se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky