RENDERED:  OCTOBER 7, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0003-MR

ORLUNDO HOLLOWAY                                             APPELLANT

APPEAL FROM FULTON CIRCUIT COURT
v.          HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 18-CR-00047

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND GOODWINE, JUDGES.

GOODWINE, JUDGE:  Orlundo Holloway ("Holloway"), *pro se*, appeals from a

Fulton Circuit Court order denying his motion for relief under RCr[1] 11.42.  After

careful review, finding no error, we affirm.

On January 27, 2018, Holloway killed David Mackins by shooting

him in the back of the head.  On March 8, 2018, Holloway was indicted on

---

[1] Kentucky Rules of Criminal Procedure.

murder,[2] tampering with physical evidence,[3] convicted felon in possession of a handgun,[4] three counts of first-degree wanton endangerment of a police officer,[5] and first-degree persistent felony offender.[6] A trial was set for September 17-19, 2018. After a competency hearing, the trial court entered an order finding Holloway competent to stand trial on September 7, 2018.

On September 12, 2018, Holloway pled guilty to the amended charges of first-degree manslaughter[7] and convicted felon in possession of a firearm.[8] The remaining charges were dismissed. The Commonwealth recommended a sentence of twenty years' imprisonment for first-degree manslaughter and two years' imprisonment for convicted felon in possession of a firearm, to run consecutively for a total of twenty-two years. By final judgment entered October 17, 2018, the trial court formally sentenced Holloway to twenty-two years' imprisonment. Holloway never moved to withdraw his guilty plea.

---

[2] Kentucky Revised Statutes (KRS) 507.020 (capital offense).

[3] KRS 524.100 (Class D felony).

[4] KRS 527.040 (Class C felony).

[5] KRS 508.060 (Class D felony).

[6] KRS 532.080.

[7] KRS 507.030 (Class B felony).

[8] KRS 527.040 (Class D felony).

On July 8, 2020, Holloway filed a motion for relief under RCr 11.42 alleging trial counsel was ineffective in trial preparation and counsel coerced him into pleading guilty. On November 15, 2020, the trial court denied Holloway's motion without an evidentiary hearing. This appeal followed.

On appeal, Holloway argues his guilty plea was not knowing and voluntary because: (1) his attorney failed to properly investigate his case and prepare for trial and (2) counsel used his parents to convince him to plead guilty.

To succeed on a claim of ineffective assistance of counsel under RCr 11.42, "[f]irst, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In the context of a guilty plea, the trial court must "consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington* inquiry into the performance of counsel[.]" *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001) (footnotes omitted).

First, Holloway argues trial counsel coerced him to plead guilty because counsel failed to raise a justification defense or any defense at all, investigate the crime scene, or investigate any relevant witnesses. He fails to show that further investigation would have exonerated him. Instead, the record shows

multiple witnesses named Holloway as the shooter, and surveillance footage captured Holloway leaving the scene right after the shooting.

Additionally, Holloway alleges counsel used his parents to sway him to plead guilty. The Commonwealth asserts Holloway failed to specifically state facts to support his coercion claim.

In *Roach v. Commonwealth*, 384 S.W.3d 131 (Ky. 2012), the Supreme Court of Kentucky held:

> While . . . "the voluntariness of [a] plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases," *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) (citation and internal quotation marks omitted), to be entitled to relief under RCr 11.42, the movant must "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." RCr 11.42(2). Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so "warrant a summary dismissal of the motion."

*Id*. at 140.

Neither of Holloway's coercion arguments meet the specificity requirement under RCr 11.42. He conflates counsel's perceived ineffectiveness in investigating his case to coercion. He fails to assert how trial counsel coerced him and used his parents to sway him to plead guilty.

Instead, the record indicates Holloway entered a voluntary guilty plea. The trial court found:

> the record consisting of the Commonwealth's Offer on a Plea of Guilty and Motion to Enter Guilty Plea, along with the plea colloquy conducted in this matter, all clearly indicate Defendant's understanding of the "plea papers" signed by him and explained to him by his attorney. The [c]ourt was unable to discern any impairment of Defendant's ability to understanding the proceedings against him at his guilty plea hearing.

Record ("R.") at 195-96.

Holloway admitted in open court to shooting David Mackins. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed. 2d 136 (1977)). We reject Holloway's claim that counsel's alleged failure to investigate his case forced him to involuntarily plead guilty. Based on the totality of the circumstances, we conclude Holloway's guilty plea was entered knowingly and voluntarily.

Additionally, the circuit court noted counsel secured a favorable plea deal for Holloway. Although Holloway argues a jury could have easily found him guilty of second-degree manslaughter or reckless homicide had he gone to trial,

-5-

this argument is speculative.  He faced a life sentence for murder.  Instead, counsel successfully negotiated a twenty-two-year sentence for first-degree manslaughter and convicted felon in possession of a firearm.  The Commonwealth dismissed all other charges.  Thus, Holloway failed to show that counsel's performance was deficient or that he was prejudiced.

For the foregoing reasons, we affirm the order of the Fulton Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Orlundo Holloway, *pro se*
Eddyville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky