RENDERED:  FEBRUARY 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1171-MR

KEITH E. PORTER                                                              APPELLANT

v.

APPEAL FROM BOYD CIRCUIT COURT
HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 19-CR-00417-002

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND McNEILL, JUDGES.

EASTON, JUDGE:  Appellant Keith Porter ("Porter"), *pro se*, appeals from an order of the Boyd Circuit Court entered on October 4, 2021, dismissing his request for post-conviction relief.  Having reviewed the record in conjunction with all applicable legal authority, we affirm.

On January 23, 2020, Porter entered a plea of guilty to one count of first-degree complicity to trafficking in a controlled substance (a sale of heroin in an observed purchase), first offense, and one count of first-degree complicity to trafficking in a controlled substance (less than two grams of methamphetamine), first offense, for a total concurrent sentence of five (5) years. Porter waived the requirement of consideration of a pre-sentence investigation ("PSI") at a sentencing hearing and was sentenced that same day.

On October 4, 2021, Porter, *pro se*, filed a document styled as a "Petition for a Declaratory Judgment to Correct time to the Parole Board from 50% to 20% as Required by Statute." Porter filed this document in this criminal case in the Boyd Circuit Court. Citing Kentucky Revised Statute ("KRS") 218A.1412 as his grounds, Porter requested the Kentucky Department of Corrections ("DOC") be ordered to change his parole eligibility from fifty percent (50%) to twenty percent (20%) of his sentence and "a new Presentence Report [be] done and submitted" to the DOC because he had a substance use disorder, which should have led to a reduction of his parole eligibility percentage. The circuit court summarily denied the request. This appeal followed.

We should first determine the procedural status of Porter's request. If the question involves a dispute with the DOC, the proper process is a declaratory judgment action. *Smith v. O'Dea*, 939 S.W.2d 353, 355 (Ky. App. 1997) ("A

petition for declaratory judgment pursuant to KRS 418.040 has become the vehicle, whenever Habeas Corpus proceedings are inappropriate, whereby inmates may seek review of their disputes with the Corrections Department."). A motion in the circuit court criminal case cannot be used to order the DOC to change parole eligibility. The DOC is not a party to Porter's criminal case, which precludes the entry of an order against it for this purpose. *See Mason v. Commonwealth*, 331 S.W.3d 610, 629 (Ky. 2011).

The venue of a declaration of rights action is not in the county of the criminal conviction but rather where the defendant resides (the county where the prisoner is held). *See* KRS 452.005. Porter is housed at the Blackburn Correctional Complex in Fayette County. In any such action, Porter would have been required to show he had exhausted any administrative review of the DOC's decision. KRS 454.415. Saying so is not sufficient; documentation must be provided. Porter did not provide such documentation with his petition. KRS 454.415(3).

On closer examination, Porter's complaint is with respect to his sentencing, not with something under the province of the DOC. Porter believes a finding should have been made by the circuit court about his substance use disorder which would have then impacted his parole eligibility percentage. The DOC could not act to reduce the parole eligibility percentage in the absence of such a circuit court finding.

Porter's related concern was the waiver of his PSI, for which he appears to blame his counsel. Porter argues the PSI would have revealed Porter's substance use disorder and guided the decision of the circuit court which could have then impacted the parole issue. If Porter intended a Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion regarding his counsel, the pleading is insufficient as it is not verified. RCr 11.42(2). *See Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012); *Stanford v. Commonwealth*, 854 S.W.2d 742, 748 (Ky. 1993).

We could review the pleading as requesting relief under Kentucky Rule of Civil Procedure ("CR") 60.02, although that is not what it says, and the circuit court did not treat it this way. Were we to review the petition as a CR 60.02 motion, we would review the circuit court's denial of Porter's request for abuse of discretion. *See White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000).

While we give some leeway to *pro se* pleadings, we should not practice the case for the party by resolving the case through avenues the party did not choose to travel. As we shall see, the procedure is to some extent academic. Porter has not shown any entitlement to the relief sought.

We find no legal error or abuse of discretion because the underlying claims are wholly without merit. Porter maintains he suffered from a substance use disorder and was entitled to a twenty percent (20%) parole eligibility under a

prior version of KRS 218A.1412 which was in effect at the time he committed the offenses for which he was convicted. That version in place on the date (February 27, 2018) of Porter's crimes stated:

(1) A person is guilty of trafficking in a controlled substance in the first degree when he or she knowingly and unlawfully traffics in:

. . .

*(d) Any quantity of heroin*, fentanyl, carfentanil, or fentanyl derivatives; lysergic acid diethylamide; phencyclidine; gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers, and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers; or

(e) Any quantity of a controlled substance specified in paragraph (a), (b), or (c) of this subsection in an amount less than the amounts specified in those paragraphs.

. . .

*(3) (a) Any person who violates the provisions of subsection (1)(a), (b), (c), or (d) of this section shall be guilty of a Class C felony for the first offense and a Class B felony for a second or subsequent offense.*

(b) Any person who violates the provisions of subsection (1)(*e*) of this section:

1. Shall be guilty of a Class D felony for the first offense and a Class C felony for a second or subsequent offense; and

2. a. Except as provided in subdivision b. of this subparagraph, where the trafficked substance was

-5-

heroin and the defendant committed the offense while possessing more than one (1) items of paraphernalia, including but not limited to scales, ledgers, instruments and material to cut, package, or mix the final product, excess cash, multiple subscriber identity modules in excess of the number of communication devices possessed by the person at the time of arrest, or weapons, which given the totality of the circumstances indicate the trafficking to have been a commercial activity, shall not be released on parole until he or she has served at least fifty percent (50%) of the sentence imposed.

b. This subparagraph shall not apply to a person who has been determined by a court to have had a substance use disorder relating to a controlled substance at the time of the offense. "Substance use disorder" shall have the same meaning as in the current edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders.

*(c) Any person convicted of a Class C felony offense or higher under this section shall not be released on probation, shock probation, parole, conditional discharge, or other form of early release until he or she has served at least fifty percent (50%) of the sentence imposed in cases where the trafficked substance was heroin, fentanyl, carfentanil, or fentanyl derivatives.*

KRS 218A.1412 (emphases added).

This prior version of the statute had an internal inconsistency. A Class C felony for trafficking of heroin cannot be released prior to the service of 50%, but a subsection of what appears to be a provision relating to non-heroin substances creates an exception for those committing heroin trafficking offenses if

-6-

they are shown to have a substance use disorder. Porter's conviction was entered in accordance with KRS 218A.1412(1)(d) not (1)(e) because the trafficked substance was heroin, and per KRS 218A.1412(3)(a), a first offense is categorized as a Class C felony not subject to a lesser parole eligibility. During the short life of these peculiar provisions, this Court applied a plain reading of the statute (as a whole) to rule a Class C felony for trafficking heroin must have a 50% parole eligibility. *Howard v. Commonwealth*, No. 2019-CA-1377-MR, 2021 WL 1936069 (Ky. App. May 14, 2021); *Cobb v. Commonwealth*, No. 2019-CA-000373-MR, 2020 WL 598407 (Ky. App. Feb. 7, 2020).

KRS 218A.1412 was amended after Porter committed his crimes, but that amendment removed the confusing, arguable option of reducing the parole eligibility percentage. This certainly would not have been to Porter's benefit. A defendant may insist on more lenient sentencing options passed after he committed his crimes, but that does not apply here, because the later change removed any argument for a reduced parole eligibility percentage for Porter. *See* KRS 446.110.

As to the waiver of the PSI, the record reflects Porter signed a pre-sentence waiver dispensing with the preparation and introduction of a pre-sentence report to the circuit court prior to sentencing. *See* RCr 11.02(1); *Roe v. Commonwealth*, 493 S.W.3d 814, 830 (Ky. 2015) (holding that the statutory right to a pre-sentence report under KRS 532.050 can be waived).

Porter did not argue to the circuit court he suffered from a substance use disorder, and no motion was ever filed requesting a hearing on that matter. Thus, there was nothing before the circuit court at the time of sentencing that would have allowed it to entertain a finding under KRS 218A.1412(3)(b)2.b., which could not apply anyway. If we gave the benefit of the doubt and acknowledged the right of Porter to take advantage of the ambiguity of the former version of the statute, Porter did not proceed with a proper CR 60.02 motion and provided no offered evidence to justify a hearing on such a motion. The circuit court would not have abused its discretion with a denial of CR 60.02 relief in these circumstances.

If we consider the petition for what it purports to be, it was not filed in the proper venue and did not have the required documentation of exhaustion of administrative remedies. While KRS 454.415(5) requires the circuit court to make specific findings for the dismissal, the deficiencies here were apparent from the record. Considering the relief sought would be inconsistent with the applicable law, we need not remand this case for the circuit court to state these findings.

For the foregoing reasons, the order of the Boyd Circuit Court denying Porter's petition for a declaratory judgment is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Keith Porter, *pro se*
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky