RENDERED: MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0273-MR

PARICO DOMINIC COFFEY                                      APPELLANT

v.              APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 14-CR-00433

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: This is a *pro se* appeal from the order of the Fayette Circuit Court denying the motion to vacate, set aside, or correct a sentence of imprisonment pursuant to Rule of Criminal Procedure ("RCr") 11.42 relief filed by Appellant, Patrick Coffey ("Coffey"). Having reviewed the entire record, we affirm.

# BACKGROUND

In 2015, Coffey was tried by a Fayette County jury and convicted of first-degree rape and kidnapping of T.B. He appealed that conviction to the Kentucky Supreme Court. That Court's brief recitation of the facts is as follows:

> The facts in this case vary wildly between Coffey's version and that of his victim, T.B. According to Coffey, he contacted T.B. after leaving a Lexington strip club to pick him up. She arrived at the designated gas station, and they drove to a neighborhood to engage in consensual sex in exchange for money. Coffey told T.B. that he would wear a condom but did not. He contends that it was during this consensual sex that she realized he was not wearing a condom and became angry. When she demanded that he pay her he refused, claiming that he never climaxed and therefore would not pay. Coffey claims that T.B. then withdrew a gun from under the front seat and demanded that Coffey pay. The two fought over the gun, and T.B. ended up outside the vehicle. Coffey then drove T.B.'s vehicle back to the strip club, retrieving his car, and leaving her car running in the club parking lot.
>
> T.B. claims that she arrived at the gas station that evening needing to use the restroom and to go to the ATM. When T.B. returned to her car she claimed that Coffey forced himself into the vehicle by use of a gun. T.B. claims Coffey then told her to drive to a neighborhood where he forced her to have sex. It was during the sex that Coffey left the gun unattended and T.B. was able to gain possession. After a struggle for the gun, T.B. ended up outside of the car with Coffey giving chase. A negotiation period began, with T.B. offering to return the gun if she could have her car back. At one point both entered the vehicle again to negotiate. After giving up on the fruitfulness of the negotiating process, T.B. dashed for a neighbor's home, wearing only her socks.

*Coffey v. Commonwealth*, No. 2015-SC-000414-MR, 2016 WL 7665876 (not to be published) (Ky. Dec. 15, 2016).

On direct appeal, Coffey primarily argued that the evidence was insufficient to allow the case to go to a jury and he should have been granted a directed verdict. The Supreme Court disagreed, although the Court noted that this case largely turned on the credibility of T.B. and Coffey. The verdict was affirmed.

Thereafter, Coffey, through counsel, moved to vacate the conviction and sentence alleging that his trial counsel was ineffective. He also requested an evidentiary hearing pursuant to RCr 11.42. In its opinion and order of October 26, 2020, the trial court overruled the request for a hearing and denied RCr 11.42 relief, stating:

> As indicated by the record, there is no basis to support the conclusion that counsel's performance fell below the level of effective counsel as set forth by *Strickland*.[1] Defendant is unable to overcome the presumption that, under the circumstances, the actions of counsel are considered sound trial strategy.

When the trial court entered this order, Coffey was incarcerated on separate charges in the state of Michigan. Although he returned to Kentucky for his incarceration here in 2021, he claimed failure to receive notice of the trial court's

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

ruling. He filed a motion for a belated appeal before this Court in 2023.[2] We remanded the matter to the Fayette Circuit Court for an evidentiary hearing to consider the motion for the belated appeal. That hearing was conducted on November 20, 2023, resulting in an order of the Fayette Circuit Court which recommended denying the motion for a belated appeal. However, in March 2024, this Court elected to grant the motion, and this appeal followed.

On appeal, Coffey argues ineffective assistance of counsel primarily on the basis that his trial counsel did not call a witness, Chelsea Doneghy, to testify in support of his defense that he and T.B. were previously in a relationship. He also asserts generally that his counsel departed from professional standards in his representation. Finally, he argues that the trial court erred in denying him an evidentiary hearing on the claim of ineffective assistance of counsel.

## STANDARD OF REVIEW

> [To prevail on a claim of ineffective assistance of counsel,] the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

---

[2] A belated appeal is available if: 1) the appeal was not timely filed because of ineffective assistance of counsel; or, 2) the defendant can prove that a timely appeal was frustrated by the defendant's failure to be notified by the circuit court of the date of entry of the order from which the appeal is being taken. *Moore v. Commonwealth*, 199 S.W.3d 132 (Ky. 2006).

serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

Furthermore, an evidentiary hearing is required for an RCr 11.42 motion only when "there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted).

On appeal, this Court must determine whether the allegations contained in the RCr 11.42 motion are "conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967) (citations omitted). An evidentiary hearing is not required where "the face of the record as a whole" refutes the allegations. *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986) (citation omitted).

## ANALYSIS

First, Coffey argues that the circuit court erred in denying his motion because his counsel did not call Chelsea Doneghy who would have supported his account that he and T.B. had a prior relationship. The record does reveal that Chelsea signed an affidavit in June 2014 which stated that she had seen Coffey and T.B. together not only on the night of these events, but also "several times in different clubs." However, the record also reveals that this affidavit directly

-5-

contradicts Coffey's own testimony at trial that he had met her once, years ago, but that he had not seen her for several years and did not initially remember her. As the trial court noted, counsel has a right to decide whether to call certain witnesses. *Strickland*, 466 U.S. at 688-89, 104 S. Ct. at 2065. While counsel did not call Chelsea Doneghy, he did call numerous witnesses on behalf of Coffey, who testified as to a prior relationship between him and T.B. Of course, Coffey himself testified as to their prior acquaintance. The record indicates that Chelsea's testimony, if it could have been obtained, would have been cumulative and may have been prejudicial to the defense. The defense theory of the case was the prior relationship between the two, and that was presented by Coffey and others.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance where, as here, "the challenged action might be considered sound trial strategy." *Id*. (internal quotation marks omitted). We employ this presumption to prevent the "harsh light of hindsight" from distorting counsel's act or omission, making it appear unreasonable. *Commonwealth v. Searight*, 423 S.W.3d 226, 230 (Ky. 2014) (footnotes and citations omitted). We understand that this case was one in which there were two very conflicting accounts of the evening's events. Credibility of the witnesses was of paramount concern, but we can reasonably presume that counsel did not want to

risk further impacting his own client's credibility by presenting a witness whose affidavit directly conflicted with his testimony.

Secondly, Coffey generally argues that his trial counsel was unable to understand evidentiary rules and failed to fully prepare him to testify. In regard to these claims, we find that Coffey failed to meet the specificity requirement under RCr 11.42(2). *See Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012) (citations omitted). Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and generally warrant a summary dismissal of the motion. RCr 11.42(2); *see Williams v. Commonwealth*, 336 S.W.3d 42, 50 (Ky. 2011). Nonetheless, we have reviewed the portions of the record referred to by Coffey and find no evidence to support the allegations against his prior counsel.

In one isolated instance, Coffey asserts his counsel elected to withdraw a question after an objection by the Commonwealth's Attorney. He then argues this indicates lack of professional skill on the part of his counsel. The withdrawal of a question before a trial judge has had the opportunity to rule on the objection can hardly establish either poor performance or prejudice. An RCr 11.42 proceeding does not provide for relitigation of the performance of trial counsel. *See Searight*, 423 S.W.3d at 230. Further, Coffey bore the burden of proving both

unprofessional performance and prejudice in order to succeed on this argument. *Id.* at 233. Here, Coffey failed to meet either burden.

Finally, Coffey argues that the trial court erred in failing to conduct an evidentiary hearing on the motion. Again, we turn to the specificity requirements under RCr 11.42. Without the level of factual specificity that RCr 11.42(2) requires, the trial court cannot determine whether an evidentiary hearing is necessary. *See Roach*, 384 S.W.3d at 140 (citations omitted). General allegations, unsupported by specific facts, do not justify an evidentiary hearing. Instead, to merit an evidentiary hearing, the movant must satisfy a two-part test. "First, the movant must show that the alleged error is such that [he] is entitled to relief under the rule." *Parrish v. Commonwealth*, 272 S.W.3d 161, 166 (Ky. 2008) (internal quotation marks and citation omitted).

Second, RCr 11.42(5) necessitates a hearing only if a material issue of fact cannot be determined on the face of the record. RCr 11.42 does not require an evidentiary hearing when the court can fully consider the issues presented by examining the record of the proceeding or where the allegations are insufficient. The trial court herein prepared a detailed opinion and order and addressed each of Coffey's claimed allegations, most of which he did not even present here before this Court. The trial court was familiar with the proceedings and concluded that the arguments were refuted by the record or were insufficiently alleged to

invalidate his conviction.  Ultimately, Coffey could not prove that, but for his trial counsel's conduct, the result in this case would have been different.  Accordingly, the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Parico Dominic Coffey, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

James Havey
Assistant Solicitor General
Frankfort, Kentucky