RENDERED:  FEBRUARY 20, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0424-MR

BRADY L. RAY                                                                              APPELLANT

v.                      APPEAL FROM GRAVES CIRCUIT COURT
                         HONORABLE KEVIN D. BISHOP, JUDGE
                              ACTION NO. 17-CR-00058

COMMONWEALTH OF KENTUCKY                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, A. JONES, AND KAREM, JUDGES.

ACREE, JUDGE:  Appellant Brady Ray appeals his judgment of conviction in the

Graves Circuit Court on grounds of ineffective assistance of counsel.  We affirm.

## **BACKGROUND**

The facts of this case can be found in *Ray v. Commonwealth*, 611

S.W.3d 250 (Ky. 2020).  We set forth only the facts salient to this appeal.

Appellant Brady Ray was charged with attempted murder, first-degree robbery, first-degree burglary, first-degree wanton endangerment, and violation of an emergency protective order after he broke into the home of his wife's father, threatened to kill both individuals, and stole his wife's purse.[1] He was convicted of the charges by a jury in Graves Circuit Court.

The Kentucky Supreme Court rejected his arguments on appeal and affirmed his conviction in an opinion that became final on November 19, 2020.[2]

He then filed a *pro se* RCr[3] 11.42 motion which the trial court denied. Ray now appeals.

## ANALYSIS

Ray presents three arguments to this Court; that his trial counsel: (1) failed to present evidence in mitigation of his sentence, (2) failed to object to hearsay testimony, and (3) failed to object to inadmissible lay testimony. As explained, none of those arguments was timely presented.

An ineffective assistance of trial counsel motion "shall be filed within three years after the judgment becomes final . . . ." RCr 11.42(10). The statute's

---

[1] Ray and his wife were separated, and an emergency protective order was in place. His wife and her son were staying at her father's home.

[2] The court's original opinion was rendered October 29, 2020, and a Finality Letter entered and served effective November 19, 2020.

[3] Kentucky Rules of Criminal Procedure.

exceptions do not apply, and Ray does not argue otherwise. Based on the finality of Ray's conviction, he had until November 19, 2023, to present the trial court with arguments for reversing his conviction based on ineffective assistance of counsel.

On May 22, 2023, Ray filed a *pro se* RCr 11.42 motion alleging his trial counsel: (1) failed to present the defense of "extreme emotional disturbance"; (2) refused to allow Ray to testify in his own defense; (3) failed to move for a directed verdict based on his claim the attempted murder charge ought to have merged into the robbery charge; and (4) operated under a conflict of interest resulting from counsel's prior representation of Ray and his wife in their divorce proceedings. (R. at 448-58). These arguments were timely made.

Ray later obtained post-conviction counsel who supplemented the original motion with additional arguments set forth at the start of this section. Post-conviction counsel filed the supplemental motion on November 28, 2023.

These arguments were not filed within three (3) years of finality of Ray's conviction and are thus untimely. They are the same ones presented here.

To be clear, Ray does not present the same arguments to this Court that he timely presented *pro se* to the circuit court. The arguments presented here are arguments that were not timely presented to the circuit court.

"Whenever the claim or defense asserted in [an] amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set

forth in the original pleading, the amendment relates back to the date of the original pleading." CR[4] 15.03(1). As applied to RCr 11.42 motions, our Supreme Court has instructed that this relation-back provision should be "limited to amended pleadings amplifying and clarifying the original claims, and to amendments adding claims only if the new, otherwise untimely claims are related to the original ones by shared facts such that the claims can genuinely be said to have arisen from the same 'conduct, transaction, or occurrence.'" *Roach v. Commonwealth*, 384 S.W.3d 131, 137 (Ky. 2012). New claims based on facts of a different time or type will not meet that standard and so, generally, are not allowed. *Id.*

We conclude that while Ray's arguments in his motion and its supplement present various flavors of ineffective-assistance-of-counsel claims, those raised in the supplement do not arise from the same conduct, transaction, or occurrence as the arguments he made timely. The relation-back standard is not met. We cannot address legal arguments never timely presented to, and therefore never properly considered by, the trial court.

We accordingly affirm the Graves Circuit Court judgment and conviction.

---

[4] Kentucky Rules of Civil Procedure.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Elias Kang-Bartlett | Russell Coleman |
| La Grange, Kentucky | Attorney General of Knetucky |
| | |
| | Christopher Henry |
| | Assistant Solicitor General |
| | Frankfort, Kentucky |