RENDERED:  APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0698-MR

SHADRACH PEELER                                                      APPELLANT

|                  |                                  |
| v.  | APPEAL FROM HARDIN CIRCUIT COURT<br>HONORABLE LARRY ASHLOCK, JUDGE<br>ACTION NO. 19-CR-00236 |

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Shadrach Peeler, *pro se*, brings this appeal from a May 6, 2024, order of the Hardin Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing.  We affirm.

BACKGROUND

On February 21, 2019, Peeler embarked on a killing spree.  He shot and killed his girlfriend, Cherie Turner.  He initially shot Turner in the leg, retreated home to reload the gun, and returned to shoot her to death.  Peeler

proceeded to a convenience store and shot to death Subash Gale, a convenience store employee. Peeler also shot another convenience store's employee, Prayash Baniya, who as a result was paralyzed. Peeler then shot Nadia Brown, who was sitting in her car at the convenience store.

The Hardin County Grand Jury indicted Peeler upon two counts of murder, one count of first-degree assault, one count of second-degree assault, one count of being a convicted felon in possession of a handguns, one count of tampering with physical evidence, and one count of resisting arrest. The Commonwealth filed notice of its intent to seek the death penalty.

Eventually, Peeler and the Commonwealth reached a plea agreement. Thereunder, Peeler pleaded guilty to two counts of murder, first-degree assault, second-degree assault, possession of a handgun by a convicted felon, tampering with physical evidence, and resisting arrest. The Commonwealth recommended life imprisonment without the possibility of parole upon each count of murder, twenty-years' imprisonment upon first-degree assault, ten-years' imprisonment upon second-degree assault, ten-years' imprisonment upon possession of a handgun by a convicted felon, and twelve-months' imprisonment upon resisting arrest, to be served concurrently for a total sentence of life imprisonment without the possibility of parole. The circuit court accepted Peeler's plea of guilty, and on

April 27, 2021, the circuit court sentenced Peeler to a total sentence of life imprisonment without the possibility of parole.

On January 22, 2024, Peeler filed an RCr 11.42 motion to vacate his sentence of imprisonment. Peeler alleged trial counsel was ineffective for recommending that he accept the plea agreement with the Commonwealth. In support thereof, Peeler argued that trial counsel failed to inform him of possible defenses at trial, *i.e.*, intoxication, imperfect self-protection, and extreme emotional disturbance. Peeler claimed that if he had known of these defenses, he would have not entered the guilty plea but would have insisted upon a jury trial. By order entered May 6, 2024, the circuit court denied Peeler's RCr 11.42 motion without an evidentiary hearing. This appeal follows.

STANDARD OF REVIEW

The Kentucky Supreme Court has set forth the following standards for our review of ineffective assistance of counsel claims:

> We evaluate ineffective assistance of counsel claims under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), adopted by this Court in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). Under the *Strickland* framework, an appellant must first show that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052. A "deficient performance" contains errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the appellant must show that counsel's deficient performance prejudiced his defense at trial. *Id.* "This

-3-

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* An appellant must satisfy both elements of the *Strickland* test in order to merit relief. *Id.*

When faced with an ineffective assistance of counsel claim in an RCr 11.42 appeal, a reviewing court first presumes that counsel's performance was reasonable. *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007) (*quoting Haight v. Commonwealth*, 41 S.W.3d 436, 442 (Ky. 2001) *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009)). We must analyze counsel's overall performance and the totality of circumstances therein in order to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable. *Haight*, 41 S.W.3d at 441-42. In addition, the trial court's factual findings and determinations of witness credibility are granted deference by the reviewing court. *Id.* Finally, we apply the de novo standard when reviewing counsel's performance under *Strickland*. *Bussell*, 226 S.W.3d at 100.

*Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016).

Where, as here, a trial court does not hold an evidentiary hearing on an RCr 11.42 motion, "appellate review is limited to 'whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction.'" *Haley v. Commonwealth*, 586 S.W.3d 744, 750 (Ky. App. 2019) (quoting *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967)). "A hearing is required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001) (citing

*Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993)), *cert. denied*, 510 U.S. 1049 (1994); *Lewis*, 411 S.W.2d at 322; *see also* RCr 11.42(5).

Peeler contends the circuit court erred by denying his RCr 11.42 motion. Peeler alleges that at the time of the shooting, he was intoxicated and suffered from mental illness. Peeler asserts that he and Turner were arguing because he believed Turner and a store employee were planning to kill Peeler. Peeler claims trial counsel failed to inform him of the possible defenses of intoxication, imperfect self-protection, and extreme emotional disturbance. Peeler maintains that Dr. Eric Drogin, an expert retained by the defense, "had made a beneficial diagnosis to his defense that would have reduced his criminal responsibility and charges and sentence[.]" Peeler's Brief at 3. Peeler asserts that trial counsel withheld from him Dr. Drogin's favorable opinions, so Peeler contends that he was unaware of the favorable opinion of Dr. Drogin at the time he accepted the Commonwealth's plea agreement.

A defendant bears the burden of proving ineffective assistance of trial counsel. When a guilty plea is entered, defendant must demonstrate that trial counsel's "errors [were] so serious that counsel's performance fell outside the wide range of professionally competent assistance" and that "but for the errors of counsel [in the plea process], there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial."

-5-

*Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009) (quoting *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001)). And "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As noted, the circuit court may deny an RCr 11.42 motion without an evidentiary hearing where the allegations are refuted upon the face of a record. *Fraser*, 59 S.W.3d at 452.

In this case, it is unlikely that the defenses of intoxication, imperfect self-protection, or extreme emotional disturbance would have been successful at trial. *See Hill*, 474 U.S. at 59. The record reflects that the evidence of Peeler's guilt was overwhelming. Store surveillance video captured Peeler entering the store and directly shooting the two store clerks, and a neighbor testified that he heard Turner beg for her life before being shot to death by Peeler. There was no dispute that Peeler also shot two other individuals, which left one paralyzed. Peeler's actions were simply brutal and were unquestionably intentional. Even if trial counsel could have introduced enough evidence at trial to support instructions upon intoxication, imperfect self-protection, or extreme emotional disturbance, it does not mean that a jury would have likely accepted any of such defenses, and Peeler fails to demonstrate same. *See Vaughn v. Commonwealth*, 258 S.W.3d 435,

-6-

440 (Ky. App. 2008). Based upon the heinous nature of the murders, Peeler faced the real possibility of a death sentence if he went to trial, and the plea agreement adverted the sentence of death. Additionally, Peeler fails to specifically reveal the substance of Dr. Drogin's opinions that would have supported a successful defense at trial. Peeler merely advances general allegations. *See Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012).

Therefore, we conclude that Peeler's allegations are refuted upon the face of the record, and the circuit court properly denied the RCr 11.42 motion without an evidentiary hearing. *See Fraser*, 59 S.W.3d at 452. Peeler simply fails to demonstrate that trial counsel was ineffective for advising him to accept the plea agreement and fails to demonstrate that even if trial counsel were ineffective, there is a reasonable probability that Peeler would have insisted upon a jury trial instead of pleading guilty. *See Elza*, 284 S.W.3d at 120-21.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the order of the Hardin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shadrach Peeler, *Pro Se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky